**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KIMBERLY FLANAGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 15 C 7993 |
| ) | Hon. Marvin E. Aspen |
| COOK COUNTY ADULT PROBATION ) | |
| DEPARTMENT, OFFICE OF THE CHIEF ) | |
| JUDGE, DEPUTY CHIEF PHIL LOIZON, ) | |
| DEPUTY CHIEF CINDY KOMAR, ASSISTANT ) | |
| CHIEF MATT SOBIESKI, SUPERVISOR ) | |
| ARCHIE SHAW, and DOLORES JOHNSON, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kimberly Flanagan filed this lawsuit on September 11, 2015 against her current employer, the Cook County Adult Probation Department ("CCAPD"), the Office of the Chief Judge of the Circuit Court of Cook County ("Office of the Chief Judge"), and several officials and supervisors connected to her employment. Flanagan alleges that Defendants have engaged in discriminatory and retaliatory conduct, on the basis of her color, national origin, race and sex, in violation of 42 U.S.C. § 2000e and 42 U.S.C. § 1981. She contends, for example, that Defendants forced her to take additional training at her own expense, took away her office space without cause, and unnecessarily audited her time records. (Compl. ¶ 13.)

The Office of the Chief Judge filed an answer to the complaint (Dkt. No. 22), while the other six defendants filed a motion to dismiss (Dkt. No. 9). For the reasons set forth below, we grant the motion to dismiss in part and deny it in part.

We also briefly address Flanagan's motion for the appointment of counsel, (Dkt. No. 5), which we hereby deny.

1

# ANALYSIS

In their motion, Defendants raise two distinct arguments. Defendants Loizon, Komar, Sobieski, Shaw, and Johnson ("Individual Defendants") argue that the claims against them must be dismissed under Rules 12(b)(4) and (5) because Flanagan did not properly serve them. For its part, Defendant CCAPD contends that claims against it cannot proceed because it is not a suable entity. We address each argument in turn below and then consider Flanagan's motion for appointment counsel.

### A. Service on the Individual Defendants

As described in the parties' briefs, and as demonstrated by the executed summonses returned and filed on the docket, Flanagan hired a process server, Robert Eldridge, to assist with service on Defendants. (Resp. at 2; *see also* Dkt. No. 7 (summonses).) She filled out the template summons form, albeit incompletely,[1] and gave the forms to Eldridge to effectuate service. According to Flanagan and Eldridge, he attempted to serve Defendants at their workplaces. (Resp. at 1–2 & Ex. C (2/8/16 Aff. of Process Server, Robert Eldridge).) He was then directed to serve them at another location. (*Id.*) Upon arrival at the second location, he gave the summonses to an individual named Jan Hutchinson, who allegedly was instructed by her supervisor to accept service for each of the Individual Defendants. (*Id.*) Individual Defendants correctly assert that this method of service is inadequate.

Rule 4 governs the manner and timing of service of the summons and complaint upon defendants. Fed. R. Civ. P. 4. Pursuant to Rule 4(m), service of process must be completed within 120 days from the filing of a complaint. Fed. R. Civ. P. 4(m). In addition, Rule 4(e) specifies how service may be accomplished for individual defendants. Service on a person is

---

[1] As Defendants point out, the summonses are missing some required information. (Mot. ¶ 4.) The required elements are listed in Rules 4(a)(1) and 4(b).

2

effective if the summons and complaint are delivered "to the individual personally," left at the individual's home "with someone of suitable age and discretion who resides there," delivered to an authorized agent, or otherwise delivered in compliance with the Illinois state service rules.[2] Fed. R. Civ. P. 4(e); *see, e.g.*, *Llano Fin. Grp., LLC v. Lendzion*, 15 C 7091, 2016 WL 930660, at *2–3 (N.D. Ill. Mar. 11, 2016); *Falconer v. Gibsons Rest. Grp., L.L.C.*, 10 C 1013, 2011 WL 43023, at *1–2 (N.D. Ill. Jan. 6, 2011); *Directbuy, Inc. v. Next Level Mktg., Inc.*, 09 C 84, 2010 WL 4386525, at *1 (N.D. Ind. Oct. 28, 2010). When a defendant challenges the sufficiency of service under Rule 12(b)(5), "the plaintiff bears the burden of demonstrating that proper service occurred." *Llano Fin. Grp., LLC*, 2016 WL 930660, at *2 (citing *Cardenas v. City of Chi.*, 646 F.3d 1001, 1005 (7th Cir. 2011)); *Falconer*, 2011 WL 43023, at *1 (citing *Homer v. Jones-Bey*, 415 F.3d 748, 754 (7th Cir. 2005)).

Here, Flanagan instructed Eldridge to serve the Individual Defendants at their workplaces, and he attempted to do so. The record is clear, however, that he did not personally deliver the documents to any of the Individual Defendants. (*See, e.g.*, Dkt. No. 7 (summonses); Resp. at 1–2.) Nor did he leave the summonses at the homes of the Individual Defendants in the manner permitted by Rule 4(e) and Illinois law. Although Eldridge left the summonses with Jan Hutchinson, Flanagan has not explained how Hutchinson could be considered an authorized agent for service of process for the Individual Defendants. To the contrary, Hutchinson does not appear to be their agent, even if her supervisor instructed her to accept the papers from Eldridge. We have no reason to believe that Hutchinson or her supervisor were authorized to act on behalf

---

[2] As relevant here, the Illinois rule governing service on individuals similarly permits leaving a copy of the summons either: (1) with the defendant personally; or (2) "at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards," as long as the person making service tells the recipient about the summons and mails another copy to the defendant at his or her home. 735 ILCS 5/2-203(a).

3

of the Individual Defendants. As such, Eldridge's delivery of the documents to Hutchinson does not constitute service upon the Individual Defendants.[3] Flanagan has yet to adequately serve the Individual Defendants, and her 120-day window to do so closed three months ago. *See* Rule 4(e), (m).

The Individual Defendants ask that we dismiss the claims against them in light of Flanagan's failure to comply with Rule 4. In such a situation, we may exercise our discretion to either grant additional time for service or dismiss the action without prejudice.[4] Fed. R. Civ. P. 4(m); *see Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 933–34 (7th Cir. 2002). In determining whether a permissive extension is appropriate, we may consider: "(1) whether the expiration of a statute of limitations during the pending action would prevent refiling, (2) whether the defendant evaded service, (3) whether the defendant's ability to defend would be prejudiced by an extension, (4) whether the defendant had actual notice of the lawsuit, and

---

[3] Flanagan argues in passing that the Individual Defendants evaded service. The record does not support this conclusion. For example, it seems that the Individual Defendants (other than Sobieski) did not even know that Eldridge wanted to see them, let alone that they attempted to avoid him. (Resp. at 1–2 & Eldridge Aff.) In any event, even if the Individual Defendants could not be served while at work, Flanagan should have made efforts to serve them in another manner. Delivery of the documents via Hutchinson simply is not service. Moreover, the Individual Defendants' actual notice of the lawsuit does not waive Flanagan's duty to complete service properly. *United States v. Ligas*, 549 F.3d 497, 504 (7th Cir. 2008); *see McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001) ("Actual notice to the defendant is insufficient; the plaintiff must comply with the directives of Rule 4."); *Falconer*, 2011 WL 43023, at *1 (noting that the court "may not excuse the requirement of service altogether").

[4] Under Rule 4(m), we are *required* to extend the time for service of process if a plaintiff can show "good cause" for the failure to meet the deadline. Fed. R. Civ. P. 4(m); *Ligas*, 549 F.3d at 501; *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340–41 (7th Cir. 1996). "Good cause" does not include a plaintiff's inadvertent failure to properly or timely serve. *Geiger v. Allen*, 850 F.2d 330, 323 (7th Cir. 1988); *see Tuke v. United States*, 76 F.3d 155, 157–58 (7th Cir. 1996) ("[A] lawyer who does not read the rules lacks good cause."). Moreover, "[u]nfamiliarity with the law does not constitute good cause to exempt pro se litigants from complying with the requirements of Rule 4." *Dumas v. Decker*, 556 Fed. App'x 514, 515 (7th Cir. 2014); *Williams-Guice v. Bd. of Educ. of City of Chi.*, 45 F.3d 161, 164 (7th Cir. 1995) ("Even uncounseled litigants must act within the time provided by statutes and rules."). Flanagan has neither argued, nor shown, good cause mandating an extension in this case.

4

(5) whether the defendant was eventually served." *Cardenas*, 646 F.3d at 1006; *Dumas v. Decker*, 10 C 7684, 2012 WL 1755674, at *3 (N.D. Ill. May 16, 2012); *see also Scott v. Guarantee Reserve Life Ins. Co.*, 95 C 6622, 1998 WL 177954, at *4 (N.D. Ill. Apr. 7, 1998). We may also take into account the fact that Flanagan is acting pro se for this litigation.[5] *Bland v. Candioto*, 04 C 8361, 2006 WL 2735501, at *2 (N.D. Ill. Sept. 21, 2006); *Scott*, 1998 WL 177954, at *4. None of these factors is determinative on its own. *See, e.g., Panaras*, 84 F.3d at 341 ("The running of the statute of limitations does not require that a district court extend the time for service of process."); *Scott*, 1998 WL 177954, at *4 (noting that "lack of prejudice to the defendant cannot, standing alone" warrant a permissive extension).

With these factors in mind, we elect to grant Flanagan an extension of time under Rule 4(m). The Individual Defendants have actual notice of this litigation and have not suggested that their defense will be prejudiced by an extension. This lawsuit is in its infancy, and discovery has not yet begun. Flanagan is acting pro se and made a reasonable, good faith effort to effectuate service. Although Eldridge ultimately failed to properly serve the Individual Defendants on her behalf, Flanagan hired him shortly after the filing the lawsuit and appears ready and willing to actively prosecute her lawsuit. Under these circumstances, we grant Flanagan additional time—through May 13, 2016—to amend the summonses consistent with Rules 4(a) and 4(b) and to complete service as required by Rule 4(e). In the alternative, Flanagan may wish to ask the Individual Defendants to waive service as set forth in Rule 4(d). On or by May 13, 2016, Flanagan shall file either the executed summonses or copies of the

---

[5] Although Flanagan has sued her employer and some of these Individual Defendants several times in the past, this appears to be her first lawsuit pro se. *See Flanagan v. Office of the Chief Judge of the Circuit Ct. of Cook Cty.*, N.D. Ill. Case No. 06 C 1462 (consolidated with N.D. Ill. Case No. 02 C 9190) (resulting in a jury verdict in favor of Flanagan in 2007) & *Flanagan v. Cook Cty. Adult Prob. Dep't*, N.D. Ill. Case No. 11 C 8849 (dismissed at the summary judgment stage on March 28, 2016).

waiver forms. If Flanagan misses this deadline, or otherwise fails to comply with Rule 4, all claims against the Individual Defendants will be dismissed. For now, the motion as to the Individual Defendants is denied.

### B. Capacity of CCAPD to Suit

In the motion, CCAPD contends that Flanagan cannot sue it because it is not a juridical entity. "The Seventh Circuit has generally held that in Illinois a department or division within a municipal entity is not a separate suable entity." *Mack v. City of Chi.*, 14 C 2943, 2014 WL 4948041, at *2 (N.D. Ill. Oct. 2, 2014) (finding that the city's Office of Emergency Management is not an independent entity) (citing *DeGenova v. Sheriff of DuPage Cty.*, 209 F.3d 973, 973 (7th Cir. 2000); *see Castillo v. Cook Cty. Mail Room Dep't*, 990 F.3d 304, 307 (7th Cir. 1993) (holding that neither the Cook County Department of Corrections, nor its mail room, are suable entities); *Johnson v. City of Chi.*, 13 C 4098, 2014 WL 1202960, at *2 (N.D. Ill. Mar. 18, 2014) (concluding that city's Department of Fleet Management is not a distinct legal entity). We have previously noted, for example, that the Cook County Juvenile Probation Department is not a suable entity. *Montenegro v. Cook Cty. Juvenile Prob. & Court Admin.*, 14 C 3416, 2015 WL 74122, at *2 (N.D. Ill. Jan. 5, 2015) (allowing plaintiff to amend the complaint to include the Office of the Chief Judge, which the parties agreed was the proper defendant).

We reach the same conclusion with respect to CCAPD. *See Cobb v. Cty. of Cook*, 179 F.R.D. 222, 223 (N.D. Ill. 1998) (noting that CCAPD is "not a legal entity" and permitting amendment). The Office of the Chief Judge is responsible for the creation and supervision of CCAPD under Illinois law. *See* 705 ILCS 405/6-1(1) and 6-3(1); 730 ILCS 110/15(2)(a).

CCAPD has no legal existence apart from the Office of the Chief Judge, which Flanagan also named as a defendant. Accordingly, all claims against CCAPD are dismissed.

### C. Motion for Appointment of Counsel

With her complaint, Flanagan also filed a motion for appointment of an attorney to represent her. (Dkt. No. 5, Mot. for Counsel.) There are several flaws with Flanagan's motion. First, Flanagan did not respond to the fourth question on the motion form, which asks whether Flanagan has submitted an application to proceed in formal pauperis detailing her financial status. (Mot. for Counsel ¶ 4.) We cannot appoint counsel to Flanagan without evidence that she qualifies as indigent, and she has offered none.[6]

Second, before we grant a motion for appointment of counsel, the litigant must make a reasonable attempt to obtain private counsel. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th. Cir. 1995). In her motion, Flanagan states that she contacted one attorney who represented her in a prior lawsuit against her employer, which recently ended, Case No. 11 C 8849.[7] This meager effort—asking a lawyer already representing her—is insufficient to support her motion. We typically do not appoint counsel unless a litigant has contacted numerous (i.e., well over a dozen) attorneys or organizations and has also demonstrated her inability to retain counsel by submitting copies of her solicitations, rejection letters, or other documentation. *See Benford v. Cahill-Masching*, No. 03 C 2643, 2003 WL 22669036, at *1 (N.D. Ill. Nov. 10, 2013). If Flanagan wishes to file a new motion for appointment of counsel at a later stage of this litigation, she must greatly expand her search for a private lawyer and should include such documentation.

---

[6] As she is currently employed, we suspect Flanagan cannot meet the threshold for indigence.
[7] Flanagan indicates that her former attorney was appointed by the Court, (Mot. for Counsel at 2), but the docket in Case No. 11 C 8849 shows that he was retained by her.

Third, and in addition to the above requirements, we do not appoint counsel unless the litigant appears incapable of proceeding without representation. *Pruitt*, 503 F.3d at 654–56; *Johnson v. Doughty*, 433 F.3d 1001, 1007–08 (7th Cir. 2006); *Farmers v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). We consider whether, given the complexity of the case, the litigant appears competent to litigate her own claims, including gathering evidence and motion practice. *Pruitt*, 503 F.3d at 655; *Johnson*, 433 F.3d at 1006–07. "The inquiry into plaintiff competence and case difficulty is particularized to the person and the case before the court." *Pruitt*, 503 F.3d at 656. We may consider factors such as "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Id.* at 655; *Johnson*, 433 F.3d at 1007–08.

At this juncture, we are satisfied that Flanagan is competent to represent herself. She is literate and has some post-graduate education. (Mot. for Counsel ¶ 5.) She has been exposed to the litigation process in the past through her prior lawsuits. Her employment-related claims are not particularly complex, and she has first-hand knowledge of the facts underlying the allegations. We do not anticipate that this lawsuit would require the use of experts or involve any other complicating factors. Under these circumstances, we see no need to appoint counsel. Flanagan's motion is therefore denied. We encourage Flanagan to explore the resources available to pro se litigants, including materials provided on the Court's website and the guidance offered by the District Court Pro Se Assistance Program.

**CONCLUSION**

For the reasons discussed above, Defendants' motion is granted as to the claims asserted against CCAPD. Those claims are dismissed with prejudice. The motion is denied without prejudice, however, as to the claims against the Individual Defendants. On or by May 13, 2016, Flanagan must file either amended, executed summonses or copies of Rule 4(d) waivers issued to each of the Individual Defendants. Failure to meet this deadline, or to fully comply with Rule 4, will result in dismissal of the claims against the Individual Defendants.

We also hereby deny Flanagan's motion for appointment of counsel, without prejudice.

It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: April 21, 2016
       Chicago, Illinois